**1314**

**HOUSTON CHRONICLE PUBLISHING COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 70–H–397.

United States District Court,
S. D. Texas,
Houston Division.

Feb. 18, 1972.

---

Walter P. Zivley, Fred E. Croshaw, Liddell, Sapp, Zivley, & Brown, Houston, Tex., for plaintiff.

Howard A. Weinberger, Ben A. Douglas, Justice Dept., Fort Worth, Tex., for defendant.

*Memorandum and Order:*

SINGLETON, District Judge.

As was stated in the agreed Pretrial Order, basically this case involved three separate issues. A jury trial has been held and concluded concerning two of them. The third issue "whether plaintiff is entitled to amortize certain leasehold acquisition expenses paid by it in 1965, and, if so, over what period of time" is an issue in connection with which, as was stated in the Pretrial Order, "[b]oth Plaintiff and Defendant have filed motions for Partial Summary Judgment as to the year 1965 . . . ." The parties have agreed that such motions should be considered as motions for judgments and that the 1965 issue (Number 3, above) should be decided by this Court based on the pleadings, affidavits and stipulated facts." The facts as stipulated relating to this matter are as follows:

On September 21, 1964, plaintiff purchased fee title to certain property located in Block 58, S.S.B.B., Houston, Texas, known as the Rice Institute Building. On or about October 4, 1965, plaintiff purchased fee title to additional properties in the same block and known as the Travis Prairie Company Building, the J. Weingarten Building, and the Snyder Building. Said properties were subject to certain leasehold interests when acquired by plaintiff. The Rice Institute Building was subject to a leasehold interest held by J. Weingarten, Inc., which lease was to expire July 31, 1969; the Travis Prairie Company Building was subject to a leasehold interest held by Joe Robinowitz, Maurice Robinowitz, and Robinowitz & Son, which lease was to terminate July 31, 1969; and the Snyder Building was subject to a leasehold interest held by J. Weingarten, Inc., which lease was to expire May 31, 1970. On October 4, 1965, plaintiff purchased the outstanding leasehold interests from the above-named lessees. The sum of $330,000.00 was paid to J. Weingarten, Inc., for its three leasehold interests and $75,000.00 was paid to Joe Robinowitz, Maurice Robinowitz, and Robinowitz & Son for their leasehold interests, making a total consideration of $405,000.00 paid by plaintiff in order to acquire the outstanding leasehold interests on the above-described property.

The average unexpired terms of the J. Weingarten, Inc., and Robinowitz leasehold interests so acquired by plaintiff were 45 months.

The amounts paid for such leasehold interests were paid by plaintiff in order that plaintiff might have the right of immediate possession and enjoyment of the premises for business purposes. At the time of the acquisition of such leasehold interests, plaintiff intended to demolish the Rice Institute Building and the Travis Prairie Company Building, and, in fact, plaintiff did almost immediately after acquisition of such leasehold interests in said buildings begin demolishing these buildings and did subsequently build on this site a new building which houses plaintiff's business.

In reporting its income for 1965, plaintiff claimed an amortization expense deduction in the amount of $27,000.00 which plaintiff claimed represented that portion of the consideration paid to acquire the J. Weingarten, Inc., and Robinowitz leasehold interests attributable to 1965. The amortization expense deduction was computed by amortizing $405,000.00 over a 45-month period.

Plaintiff contends that the cost of acquiring the J. Weingarten, Inc., and Robinowitz leasehold interests constitutes an amortizable capital expenditure; that the consideration paid to acquire said leasehold interests ($405,000.00) should be amortized over the remaining unexpired term of the leases so acquired (45 months) and, accordingly, plaintiff is entitled to an amortization expenses deduction for that portion of the consideration paid to acquire the J. Weingarten, Inc., and Robinowitz leasehold interests attributable to the year 1965 in at least the amount of $27,000.00.

After considering the stipulated facts and the briefs filed by the parties, this court concludes that the costs of acquiring the outstanding leasehold interests in question should be amortized over the useful life of the new building which plaintiffs constructed on a part of the property that was subject to the leasehold interest. This court is of the opinion that the stipulated facts are analagous in all material respects to those contained in Keiler v. United States of America, 285 F.Supp. 520 (W.D.Ky. 1966), aff'd per curiam 395 F.2d 991 (C.A. 6, 1968) and Third Nat'l Bank in Nashville v. United States of America, 71 U.S. Tax Cases § 9248 (M.D.Tenn. 1971), aff'd per curiam 454 F.2d 689 (C.A. 6, 1972), and the court adopts the conclusions and reasoning in those cases and the cases cited therein.

This will constitute this court's findings of fact and conclusions of law relating to this facet of this case.